**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALPINE     SECURITIES     CORP.;     and
SCOTTSDALE CAPITAL ADVISORS CORP.,

     Plaintiffs,

vs.                                                             Case No.:

RANDALL   JONES;   VISION   FINANCIAL
MARKETS, LLC;  HOWARD  ROTHMAN;
DAVID  JARVIS;  JARVIS  LAW  GROUP
PLLC;  STEVEN  GRIBBEN;  GRIBBEN  &
ASSOCIATES,   INC.;   ATLAS   FINTECH
HOLDINGS  CORP.;  JOHN  SCHIABLE;
KOONCE         SECURITIES,        LLC;    and
FRANKLIN SCOTT KOONCE,

     Defendants.

---

## NOTICE OF REMOVAL

Defendants Randall Jones, Vision Financial Markets, LLC, Howard Rothman, David Jarvis, and Jarvis Law Group PLLC ("Removing Defendants"), by and through undersigned counsel, hereby file this Notice of Removal and state as follows:

1.      On November 6, 2020, Plaintiffs Alpine Securities Corporation and Scottsdale Capital Advisors Corporation filed a lawsuit in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (Case No. 20-CA-8749), against the Removing Defendants and six other defendants (Steven Gribben, Gribben & Associates, Inc., Atlas FinTech Holdings Corp., John Schiable, Koonce Securities, LLC, and Franklin Scott Koonce).

2.      The Civil Cover Sheet for this Court is attached hereto as **Exhibit A.**

3.      The state court Civil Cover Sheet is attached hereto as **Exhibit B.**

4.      The Complaint filed in state court is attached hereto as **Exhibit C.**

5.      The state court docket is attached hereto as **Exhibit D.**

## BACKGROUND

6.      Although the Complaint is rife with group pleading, at bottom, it alleges three separate conspiracies involving separate groups of defendants: *One*, Plaintiffs allege that "in or about July 2017" Atlas FinTech, John Schiable, Koonce Securities, Franklin Scott Koonce and non-party Chris Frankel conspired to use and disclose Plaintiffs' confidential information in connection with a potential acquisition of Koonce Securities ("Koonce Acquisition Claims"). Compl. ¶¶ 89-90. The only type of confidential information specified for the Koonce Acquisition Claims is "Alpine trade runs and other similar information." Compl. ¶ 90. Notably, the Complaint does not allege that the Removing Defendants had any involvement in the Koonce Acquisition Claims.  *Two*, Plaintiffs allege that removing defendants Randall Jones and David Jarvis, defendant Steven Gribben, and Chris Frankel conspired to use and disclose Plaintiffs' confidential information in connection with a potential acquisition of ZIV Investment Company ("ZIV Acquisition Claims"). Compl. ¶ 92. No confidential information is specified for the ZIV Acquisition Claims. The Complaint does not allege the timing of the ZIV Acquisition, but Gribben is alleged to have worked for Alpine only through July 2018. Compl. ¶ 76. The Complaint does not allege that removing defendants Vision Financial Markets or Howard Rothman had any involvement in the ZIV Acquisition Claims. *Three*, Plaintiffs allege that Jones, Jarvis, Rothman, Vision and Frankel conspired to purportedly misappropriate Plaintiffs' confidential information during and after Jones' employment by Plaintiffs ("Misappropriation Claims"). Compl. ¶¶ 96-109. The only type of confidential information specified for the Misappropriation Claims are customer lists. *See* Compl. ¶ 97 ("book of business"); ¶ 102 ("Alpine's Customer Information and Scottsdale's Client Information"); ¶ 103 ("customer and client lists"). None of the other defendants (*i.e.*, Atlas FinTech, Schiable, Koonce Securities,

Koonce, Gribben, or Gribben & Associates) are alleged to have had any involvement in the Misappropriation Claims.

7.      Notably, Plaintiffs previously asserted the very same Misappropriation Claims against Jones, Rothman and Vision Financial Markets in a suit filed in the U.S. District Court for the District of Connecticut on September 11, 2019 *and voluntarily dismissed them* on October 25, 2019 (*Alpine Securities Corporation v. Jones et al.*, 19-cv-01425-JAM (D. Conn.). The Connecticut federal court complaint is attached hereto as **Exhibit E**, and the Connecticut federal court docket is attached hereto at **Exhibit F**. The Misappropriation Claims in this action allege the same facts, using largely the same language, as the Connecticut federal court complaint. *Compare* Connecticut Federal Compl. ¶¶ 12-29, *with* Compl. ¶ 30-49; and Connecticut Federal Compl. ¶¶ 30-42, *with* Compl. ¶¶ 96-108.

### GROUNDS FOR REMOVAL

8.      This action may be removed to this Court under 28 U.S. Code § 1441(a) on the basis of jurisdiction under 28 U.S. Code § 1332(a).

9.      There is complete diversity of the parties properly joined.

   a. Plaintiff Alpine is a citizen of **Utah**; Plaintiff Scottsdale is a citizen of **Arizona**. Compl. ¶ 1 (alleging Alpine is a Utah corporation with its principal place of business in Utah); ¶ 2 (alleging Scottsdale is an Arizona corporation with its principal place of business in Arizona).

   b. None of the properly joined defendants are citizens of Utah or Arizona. Removing defendant Randall Jones is a citizen of **Maine**. Compl. ¶ 4. Removing defendant Vision Financial Markets is a citizen of **Delaware** and **Connecticut**. Compl. ¶ 5. Removing defendant Howard Rothman is a citizen of **Connecticut**. Compl. ¶ 6.

Removing defendant David Jarvis is a citizen of **Michigan**. Compl. ¶ 7. Removing defendant Jarvis Law Group PLLC is a citizen of **Michigan**, as its sole member David Jarvis is a citizen of Michigan. *See* Declaration of David Jarvis, attached hereto as **Exhibit G,** at ¶ 4.

c. This Notice of Removal takes no position on whether defendants Steven Gribben and Gribben & Associates, Inc. have been properly joined as defendants in this action. However, assuming *arguendo* that they have been properly joined, both are citizens of **California**, and thus completely diverse. *See* Compl. ¶¶ 9, 10.

10. The citizenship of the remaining defendants, Atlas FinTech, John Shiable, Koonce Securities, LLC, and Franklin Scott Koonce, should be disregarded, as they have been "fraudulently misjoined" for the purpose of attempting to defeat removal. The removal statute at 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest ***properly joined and served as defendants*** is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). However, "a defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'" *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921). The Eleventh Circuit has identified three situations in which joinder may be deemed fraudulent, including, as relevant here, where the claims against the resident defendants have no real connection to the claims against the non-resident defendants. *See id.* and n. 17. Atlas

FinTech Holdings Corp. is a citizen of Delaware and Florida,[1] and Shiable is alleged to be a citizen of Florida, Compl. ¶ 12. However, it is clear that they, together with Koonce Securities and Koonce, have been "fraudulently misjoined" in this action. Plaintiffs asserted the Misappropriation Claims against Jones, Rothman and Vision Financial Markets over one year ago in federal district court in Connecticut, naming no other defendants. Plaintiffs now combine the Misappropriation Claims and the Koonce Acquisition Claims against Atlas FinTech, Schiable, Koonce Securities, and Koonce in a single action, but Plaintiffs do not allege any facts demonstrating that any of the Removing Defendants (or Gribben) had any involvement in the Koonce Acquisition Claims. Under these circumstances, courts in this Circuit follow *Tapscott* in disregarding the citizenship of the "fraudulently misjoined" parties in determining the other defendants' right of removal under 28 U.S. Code § 1441. *See, e.g.*, *Fourth Tee, LLC v. Axis Surplus Ins. Co.*, No. 8:12-CV-1249-T-17TGW, 2013 WL 593951, at *2 (M.D. Fla. Feb. 15, 2013) (disregarding citizenship of misjoined defendant where claims against misjoined defendant did "not arise out the same transaction or occurrence" as claims against removing defendant); *Stone v. Zimmer, Inc.*, No. 09-80252-CIV, 2009 WL 1809990, at *2 (S.D. Fla. June 25, 2009) (disregarding citizenship of misjoined defendant) ("'Procedural misjoinder' involves a purposeful attempt to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal, and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard provided under Rule 20 of the Federal Rules of Civil Procedure."), *citing* 14B Wright, § 3723 at 657.

11.    All defendants who have been properly joined and served join in or consent to the removal of this action, in satisfaction of 28 U.S. Code § 1446(b).

---

[1] Although the Complaint alleges that Atlas FinTech is a Florida corporation, Compl. ¶ 11, Atlas FinTech's most recent filings with the Florida Secretary of State indicate that it is a Delaware corporation with its principal place of business in Florida.

a. Removing Defendants Randall Jones, Vision Financial Markets, LLC, Howard Rothman, David Jarvis and Jarvis Law Group PLLC all join in removal.

b. This Notice of Removal takes no position on whether defendant Steven Gribben has been properly joined and served, but assuming *arguendo* that he has, Gribben consents to the removal of this action. *See* Declaration of Steven Gribben, attached hereto as **Exhibit H,** at ¶ 6.

c. On information and belief, Gribben & Associates, Inc. has *not* been properly served in this action. The Complaint alleges that Steven Gribben owns and operates Gribben & Associates, Inc. but in fact Gribben sold the company earlier this year. *See* Declaration of Steven Gribben, at ¶ 4.

d. The remaining defendants, Atlas FinTech, Schiable, Koonce Securities, and Koonce, have not been properly joined, for the reasons stated above in Para. (10).

12.    The amount in controversy exceeds $75,000. Although Plaintiffs did not specify an amount in controversy in the instant Complaint, as noted above Plaintiffs previously asserted the very same Misappropriation Claims against Jones, Rothman and Vision Financial Markets in a suit filed in the U.S. District Court for the District of Connecticut. In the Connecticut federal complaint, Plaintiffs themselves alleged that the amount in controversy for the Misappropriation Claims exceeded $75,000. Connecticut Federal Compl. ¶ 7.

13.    The Removing Defendants are contemporaneously serving written notice of the filing of this Notice of Removal to Plaintiffs and to the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, pursuant to 28 U.S.C. §1446(d).

**WHEREFORE,** Removing Defendants file this Notice of Removal pursuant to 28 U.S.C. §1446.

<u>Dated</u>:  December 1, 2020                    Respectfully submitted,

<u>*s/ Ryan L. Hedstrom*</u>
William J. Schifino, Jr., Esq.
Florida Bar No.:  564338
John A. Schifino, Esq.
Florida Bar No.:  72321
Ryan L. Hedstrom, Esq.
Florida Bar No.:  124724
**GUNSTER**
401 E. Jackson Street, Suite 2500
Tampa, Florida  33602
Tel:     (813) 222-6619
Fax:     (813) 228-6739
wschifino@gunster.com
jschifino@gunster.com
rhedstrom@gusnter.com
kkovach@gunster.com
csanders@gunster.com
eservice@gunster.com

Jenny R. Chou, Esq.
Connecticut Juris No.:  429921
*Pro hac vice* application to be filed
**WIGGIN AND DANA**
One Century Tower
265 Church Street
New Haven, Connecticut 06510
Tel:     (203) 498-4400
Fax:     (203) 782-2889
jchou@wiggin.com

***Attorneys for Defendants Randall Jones, Vision Financial Markets, LLC, Howard Rothman, David Jarvis, and Jarvis Law Group PLLC***

## CERTIFICATE OF SERVICE

I certify that on this December 1, 2020, the foregoing Notice of Removal was served via

electronic mail and U.S. on counsel for Plaintiffs:

Kenneth G. Turkel
Shane B. Vogt
BAJO | CUVA | COHEN | TURKEL
100 N. Tampa Street, Suite 1900
Tampa, FL 33602
kturkel@bajocuva.com
svogt@bajocuva.com

*s/ Ryan L. Hedstrom*
Ryan L. Hedstrom, Esq.

ACTIVE 12746861.1